Good morning, may it please the court, my name is Jennifer Kanja and I represent the petitioner-appellant David Kataja. It was unreasonable for the state court to conclude that trial counsel was effective under Strickland v. Washington. Given the record that existed at the time and the absence of a Ginther hearing, which is an evidentiary hearing on ineffective assistance of counsel in Michigan, the trial court had two opportunities to hold an evidentiary hearing on the motion for new trial and then again on a post-conviction motion in the state court. The state court's conclusions were not reasonable where there was no evidence that the defense counsel had interviewed any of those witnesses that were later submitted affidavits. You've got two issues here or two ways of looking at the case. Ineffective assistance of trial counsel and ineffective assistance of appellate counsel. Would you like to divide those two things in your argument or how are you going to approach it? I could, your honor. They essentially go to the same issue, which is the absence of those five witnesses. Five witnesses that swore that the complainant had recanted her allegations against Mr. Kataja and then another four witnesses that would show that the complainant also made a prior false allegation against another person about six months prior to the allegations that she made against Mr. Kataja. I guess the issues could be split into two where trial counsel didn't interview or investigate most of those witnesses except for probably two, I believe one that actually testified at the trial and her sister and then no other witnesses that we're aware of because the record doesn't show that. Then appellate counsel also brought in two of those affidavits, the witnesses on a motion for new trial in the state court after Mr. Kataja was convicted, but failed to bring any of the other witnesses and also failed to appeal the denial of the relief relating to those affidavits that were submitted. The affidavits that were submitted also weren't even notarized, they were just statements, they weren't actually affidavits, I should say. And so that's why the trial court actually denied relief was because the trial court said that these were not signed affidavits and for that reason will deny it. Counsel, I'm always concerned when you see a person get convicted and then there's a recantation, but I'm having trouble seeing how it fits in with the legal theory for relief at our level. Those recantations, according to the affidavits, occurred after the trial, right? So I'm having a hard time seeing how that supports trial counsel being ineffective. Well, if you look at the affidavits, Your Honor, at least three of them seem to have happened actually, the recantation itself happened prior to trial. And I can point those out to you, I'm sorry? Which are those? So the affidavit of Brian Strunk, that's page ID 1302, it seems that they happened between 2006 and 2007, so that could have easily been before the trial. And then also Leah Sutterfield, which was in July 2007, I believe she says it was prior to, right before the trial. And that was... I thought hers said 2008. I'm sorry? I thought hers said 2008. Can you show me where it says 2008? On page ID 1332, it appears, sure. It appears there may have been two affidavits, a supplemental affidavit with a correction of the date. What's the number? 1332? I believe it was 1332. Corrected affidavit, okay. And then also Lindsay Sutterfield, which I think as well, it was supplemented for 2007 as well, which would be 1330. And then also... These were submitted in... Into the state court. I think it was supplemental pleading to the motion for relief from judgment. How does that... There's also... Those statements, though, occurred after trial, I mean... The statements were after trial, correct. So the ineffectiveness of trial counsel is what? I mean, I'm not... Is that there were recantations that... Could have been discovered prior to trial. And trial counsel didn't investigate or interview most of these witnesses. I mean, even some of them, Autumn Rosa, page ID 1305, she says there was a recantation as well. She doesn't remember exactly when it was said, but if we have trial counsel... If we were to have an evidentiary hearing in this case, which Mr. Kataja was denied at every level, even in the district court, we would be able to clear up exactly what defense counsel could have done, should have done, and whether the statements and the recantations were available prior to trial. But unfortunately, we're left with a record that is incomplete, and it seems that that is the reason why the district court denied the petition. This claim was presented on collateral attack in the state court? It was presented, in part, on collateral attack in... It was rejected by the state court. Correct. On the grounds that these people, if they really had heard a recantation, would have mentioned it, at least with respect to the one who testified. Correct. That is why the district... Or the... I'm sorry, the trial court denied relief. And also because the trial court stated that the trial counsel effectively impeached the complainant's credibility at trial, so that was enough, apparently. And that also because, as you stated, Your Honor, that the trial court reasonably expected defense counsel... We have a very deferential... I mean, it's a sympathetic case in some ways, but we have this very deferential review standard, which if the state court has the issue, which on its face seems strong, presented, and then it's rejected for a reason, then that reason has to be unreasonable for us to provide relief on the very claim you're talking about here. Is that correct? Correct. And it would be unreasonable... How do you get over that hurdle? I'm sorry. Oh, how do we get over that hurdle? It would be unreasonable because the record is incomplete without an evidentiary hearing. We have a lot of speculation about what counsel could have expected, or I'm sorry, what trial counsel, or the trial court could have reasonably expected the defense counsel to do, and... Our scope of review is whether it was reasonable to proceed in that way, right? Correct. And he says there's not enough there, he or she, I don't know, the trial court, collateral attack, state judge, says there's not enough there for that. Without even holding a hearing. Well, I understand, but it's not like there's a federal right to a hearing all the time, right? Not a federal right, but if it would help prove the petitioner's claims... I'm sorry. I didn't mean to interrupt you. Me either. You seem to be making an argument initially, but the argument was made and rejected, then the question is whether that was a reasonable rejection, or am I viewing the legal constructs wrong? Well, our position is that it was not a reasonable rejection, of course, and... The reason was given, though, for not doing that, right? But it was not reasonable for the state court to make that conclusion, given the fact that the record that it had was that they have five witness affidavits that say that she recanted, and at least three or four of those on the face of the affidavit show that it was prior to trial. We have no idea if defense counsel even talked to some of the witnesses, and so how can the trial court say, well, you know what, we're just going to deny this without even talking to those witnesses? This isn't just one witness that recanted his own or her own testimony at trial. These are five witnesses that would seriously undermine the credibility of the complainant in a case where it's just a he said, she said, there was no physical evidence. She was highly, extremely inconsistent during her own testimony, and it appears that maybe defense counsel was overly confident because she was so inconsistent, didn't really do any investigation. In fact, didn't even serve one discovery demand on the government in that case, and if we had an evidentiary hearing, I think it would help clear up the record of whether defense counsel properly investigated the case as he has a duty to do. And two of the five testified at trial, right? I believe, yes, two of the five. Okay, as to those two, what more would be obtained from an evidentiary hearing? As to those two, well, one of them was Leah Sutterfield, who did testify at trial, but in her later statement stated that she did meet with trial counsel before court and would have been willing to share this information with him, and maybe we can get information from the trial counsel as to why he, if he did inquire about anything. My question was, what would be learned from them that wasn't learned through their trial testimony? Oh, I mean, I think just simply that the complainant came to her prior to trial and recanted her own statements and said that the allegation against Mr. Khadijah was not true, and that I believe she actually stated that the complainant wanted to drop the charges and the police did not allow her to do that. So that, and then also... Then the district court, again, not the district court, the state trial court relied on the fact that if the recantation had happened before trial, she would have said something about it when she was on the stand. That was the rationale. Sure, sure. That was the rationale, but I think... It's unreasonable to rely on that, is what you're saying. Right, right, correct. Who was the other one that testified, actually? That was, I believe it was James Tossie, I think his name was. He testified for the prosecution, actually, but stated that he didn't see anything. And then he later, in his statement, said that the complainant told him that she was molested by someone else prior to the trial. So my time is up. Thank you. Good morning, your honors, and may it please the court. Michigan Assistant Attorney General Jared Schultz on behalf of the respondent. This court should affirm the district court's decision denying relief because petitioner has not shown that counsel performed efficiently, that he was prejudiced, or that the state court's determinations were an unreasonable application of the Strickland standard. Now, going to petitioner's claim that trial counsel was ineffective for failing to investigate and discover that the witness recanted, first of all, there is no evidence that the victim actually recanted before trial. In their affidavits, actually three of the affidavits state that in July 2008, the victim recanted. This trial occurred in 2007. Now, to the extent that there is corrected affidavits in the motion for relief from judgment, those weren't attached to the petition. But even if they were, these affidavits were very unreliable, very suspicious. First of all, as Judge Rogers said at the end of the appellant's argument, this Ellis one is what I called her in my brief because I think she was a minor at the time. She testified at trial, and she was asked at trial whether the victim ever told her that the petitioner assaulted her. And she flat out said no, she never told her that. Had the victim actually recanted prior to trial, you would expect, recanted to this witness, you would expect her to say, yes, she did tell me about it, but then she later said it was a lie. So for that reason, the affidavit is very suspicious, and again, we're looking at this under The second affidavit is suspicious with respect to the first one, or No, I'm sorry, Your Honor, the first affidavit, this I want to say something, this two affidavits with two different dates is new to me, I didn't pick up on that from the briefs. Your Honor, I You're saying one is less reliable than the other? No, I'm sorry, Your Honor. We treat these as 2007, as an affidavit that said 2007? I would not say that, Your Honor. I agree that this wasn't in the briefing, that there was these corrected affidavits, and that's because Petitioner didn't attach that to the petition. There was only the single affidavits from the sisters saying that this When did the corrected ones get into the record? Your Honor, I'm actually not sure on that. Based on what I heard, it was in the motion for relief from judgment. I didn't see that. That wasn't in the State Court's decision that there was corrected affidavits. So I, too, was relying on these The State Court did seem to assume that it was a 2007 date referred to in the affidavit. Correct. I would agree with that. I did not see that in the record, but again, even if that was in the record, even if there was evidence that she recanted before trial, that would seem suspicious given the witness's testimony at trial. She actually testified for the defense at trial and was asked, did the victim ever tell you about these charges? And she said, no, I never heard of. She just said, no. Had she been told by the witness before trial that she recanted, that this was a huge lie, you would have expected her to say, yes, I did hear it, but she's told it was a lie. This, again, is the rationale of the State Collateral Attack Trial Court. Correct, Your Honor. That opinion also referred to Ellis's sister, is that? Correct. Who didn't testify, and the trial court said that person did testify, so that was just wrong then, right? I'm sorry, can you repeat that question? The very place where he makes this, and now, is it a man or a woman at the trial court? I believe it was a man. Okay. Where the trial court, State Trial Court, relied on that, that very reliance refers to two affidavits, right? The two sisters, I guess they were, Satterfield, is that the name? Correct, Satterfield. But only one of those actually testified, so the rationale doesn't even apply to the one that didn't testify, is that correct or not? I guess that would be correct, however, the two sisters said the exact same thing in their affidavits, and I don't know why there would have been a reason to also call the sister when they said the exact same thing. And again, I don't know how, why it would be unreasonable for trial counsel to not further investigate this claim when there was nothing, there was nothing there that these sisters said to indicate that there was a recantation. Is the petitioner still incarcerated? No, Your Honor, he is no longer incarcerated, he's no longer on parole either, he's been discharged. What would be the result if the petitioner wins here? Well, I believe there are still collateral consequences, the petitioner is still on the sex offender registry, so I believe the result would be he would no longer have, if he were to win, which I don't think that he would be entitled to relief, but if he were, he would no longer be on the sex offender registry, he would no longer have a conviction. Really quick, as to the claim that trial counsel should have discovered evidence of a prior false allegation in the form of a police report, the state court has already determined that that evidence would not have been admissible at trial. That's an evidentiary decision that this court is bound by. Given that that evidence would not have been admissible at trial, trial counsel could not have been ineffective for failing to uncover it. As to petitioner's citation to Mathis v. Burgess that supports her claim that this evidence should have been admissible, I would say Mathis is highly distinguishable. First off, there was no state court adjudication in Mathis, this court was deciding that evidentiary determination in the first instance, and it's also distinguishable because there was significant evidence that there was false allegations by the victim in that case, including two police reports pretty much saying that the victim made false allegations. Here we have nothing other than the suspect in that prior case explaining that he didn't assault this victim, but you would expect that in every case where there's an allegation of sexual assault that they would deny, there's simply, it doesn't rise to Michigan's concrete evidence standard to show that there's concrete evidence of false allegation. So again, that evidence would not have been admissible at trial and trial counsel wasn't ineffective for failing to uncover it. Now petitioner also breaks this into a claim that appellate counsel should have investigated and discovered these seven witnesses. First of all, petitioner has not explained why appellate counsel should have discovered this evidence. There's no evidence in the record saying that appellate counsel, saying that these witnesses had information that appellate counsel recanted. There's no explanation as to why appellate counsel should have independently gone out and investigated these witnesses whom she had no knowledge of. But again, even if there was a duty by appellate counsel, these affidavits were highly suspicious. They weren't made until four years after trial while their supposed friend was sitting in prison even though they supposedly knew that this was a huge lie. And just there was no prejudice in this case given that. So appellate counsel was not ineffective. Is there anything in the record as to why these affiants came forward when they did? How was it that the people who gave the affidavits got involved to come forward at the later time that they made the affidavits? Your Honor, I don't believe there's anything in the record. There is in William Strachan's affidavit, there is an indication that an investigator came to him and showed him the police report that involved him. So I guess that would be the only indication in the record is that some investigator, I believe, came to these people and investigated what they had. But again, there's no indication of why appellate counsel on direct review should have also done that. Most of these witnesses did not testify at trial and were not even, their names aren't even mentioned in the record at all. So appellate counsel, I'm not sure, would have a duty to go investigate these unknown witnesses. Unless there are any further questions from the court, I would just close by saying given the uncertainty regarding the timing of the victim's supposed recantation, the unreasonable delay in bringing forth this evidence, and then just petitioner's failure to show that counsel performed efficiently or that he was prejudiced, the state court's decisions in this case were not unreasonable applications of Strickland, and I would ask this court to affirm the district court's decision. Thank you. Any rebuttal? I'll be brief. I just want to address a few of the issues raised by opposing counsel. As far as the supplemental pleadings go, just the affidavits that were submitted, the two Sutterfield sisters, those were part of the record. Whether they were attached to the petition for writ of habeas corpus, I cannot say for sure, but I know they were part of the record and I did state the page ID earlier. Just a couple other points. Do you have any information about why these people came forward who provided the affidavits at the time that they did? Right. That was actually one of the points I was going to get to, but I'm not entirely sure. I know that as opposing counsel stated, there was an investigator that did go out and interview some of these witnesses, and I think that's actually how all of them were discovered. But again, I'm not entirely sure because we're lacking record and evidence you're hearing on those types of issues of how they were discovered, if they could have been discovered prior to trial, and whether defense counsel should have done that. As far as appellate counsel goes, I believe since she was able to find at least two witnesses and present them to the trial court, I don't know how she wouldn't have found the other ones given the fact that the attorney on the post-conviction motion was easily able to find them, presumably with an investigator. So the appellate counsel's ineffectiveness came from the fact that, to answer I guess the question of opposing counsel's why she wasn't effective, to answer that she was ineffective because she only raised two witness affidavits in the trial court on the motion for new trial, and then didn't appeal the decision of the denial on that, and then also failed to raise the other witness affidavits in the trial court or the appellate court. So that was where she was ineffective. And obviously those witness statements would have made a huge difference in the case, and I think that had that been presented to the jury, the jury would have been able to see through the allegations that the complainant was making, and would have acquitted the defendant. The witness affidavits really cried out for an evidentiary hearing, and I'll just close on that. He tried at every level and was denied, and I would respectfully request that this court reverse the district court's decision and remand for an evidentiary hearing. Thank you. Thank you very much, and the case is submitted. You may call the next case.